UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOEL KENDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:11-cv-0895-SEB-TAB |
| | ) |
| PNC BANK, NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Noel Kendall ("Kendall"), brings this action against Defendant, PNC Bank, National Association ("Defendant"), for unlawfully violating his rights as protected by the Age Discrimination in Employment Act ("ADEA"). Specifically, Kendall alleges that Defendant terminated him based on his age and/or engagement in statutorily-protected conduct.

### PARTIES

2. Kendall has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

### JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 626(c).

5. Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b).

6. Kendall was an "employee" within the meaning of 29 U.S.C. § 630(f).

7. Kendall satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Kendall received his "Dismissal and Notice of Rights" and now timely files his lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Kendall is male and over the age of 40.

10. Defendant hired Kendall on or about November 18, 1975. Kendall held the position of Business Banking Officer at the time of his termination.

11. Kendall's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. Kendall reported to Vice President/Sales Manager Beth Hallowell ("Hallowell") from in or about 2008 to January 19, 2010.

13. Approximately nine Business Banking Officers reported to Hallowell during this time period.

14. Hallowell hired seven of the nine Business Banking Officers who are substantially younger than Kendall.

15. In or about May 2009, Hallowell placed Kendall on probation due to alleged performance issues. Hallowell informed Kendall that he had to meet 100 percent of his goals or be terminated.

16. No other Business Banking Officer was required by Hallowell to meet 100 percent of their goals.

17. On July 1, 2009, Hallowell sent a "Notice of Non-Performance" to Kendall stating, in part, that, during the month of July 2009, she would give him "the opportunity to explore other options with the hope that he resigns/retires prior to the end of July."

18. Kendall subsequently complained to Human Resources, Jeff Standen (Hallowell's supervisor), and Hallowell that he reasonably believed Hallowell was discriminating against him

based on age.

19. Hallowell extended Kendall's probation to December 31, 2009.

20. Defendant terminated Kendall on January 19, 2010.

21. A substantially-younger employee replaced and/or assumed Kendall's job duties and responsibilities after his termination.

22. Defendant has accorded more favorable treatment to similarly-situated employees who are substantially younger and/or did not engage in statutorily-protected conduct.

23. Any reason proffered by Defendant for the adverse actions it has taken against Kendall is pretextual.

24. Kendall has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## AGE DISCRIMINATION – ADEA

25. Kendall hereby incorporates paragraphs 1-24 of his Amended Complaint.

26. Defendant terminated Kendall because of his age.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kendall's rights as protected by the ADEA.

## COUNT II

## RETALIATION – ADEA

28. Kendall hereby incorporates paragraphs 1-27 of his Amended Complaint.

29. Kendall engaged in statutorily-protected conduct.

30. Defendant terminated him in retaliation for his engagement in statutorily-protected conduct.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Kendall's rights as protected by the ADEA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Noel Kendall, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Kendall to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Kendall;

3. Defendant pay compensatory and punitive damages to Kendall;

4. Defendant pay liquidated damages to Kendall;

5. Defendant pay pre- and post-judgment interest to Kendall;

6. Defendant pay Kendall's attorneys' fees and costs incurred in litigating this action; and

7.      Defendant pay to Kendall any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

                Respectfully submitted,

                /s/ Bradley L. Wilson
                John H. Haskin, Attorney No.7576-49
                Bradley L. Wilson, Attorney No. 21154-49

                Attorneys for Plaintiff
                Noel Kendall

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street. 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:          jhaskin@hlllaw.com
                bwilson@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Noel Kendall, by counsel, respectfully requests a jury trial for all issues deemed triable.

                Respectfully submitted,

                /s/ Bradley L. Wilson
                John H. Haskin, Attorney No.7576-49
                Bradley L. Wilson, Attorney No. 21154-49

                Attorneys for Plaintiff
                Noel Kendall

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street. 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570